# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JAMES GERMALIC

VERSUS

TOM SCHEDLER
LOUISIANA SECRETARY OF STATE

CIVIL ACTION

NO. 08-689-BAJ-DLD

## RULING ON MOTION FOR DISMISSAL

This matter is before the Court on a motion for dismissal by defendant, Tom Schedler, Louisiana Secretary of State, ("defendant") (doc. 17) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Jurisdiction is based on 28 U.S.C. § 1331.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed the complaint in this matter on October 24, 2008, alleging violation of his due process rights (doc. 1, p. 1). Specifically, plaintiff alleges that, by enforcing overly difficult requirements, the Louisiana Election Code deprived him of his right to be listed as an independent candidate on the Louisiana ballot for the 2008 Presidential Election (doc. 1, p. 2).

According to the petition, plaintiff sent a filing fee of $500 to the defendant's office in Baton Rouge, Louisiana, in order to be listed on the Louisiana primary ballot for the 2008 Presidential Election (doc. 1, p. 2). Plaintiff alleges that he sent the filing fee via Express Delivery through the United States

Postal Service, and it was scheduled for delivery on September 2, 2008, the filing deadline for independent candidates (doc. 1, p. 2). According to the petition, however, the filing fee was not delivered before the deadline because Hurricane Gustav hit Baton Rouge on September 2, 2008, and the defendant's office was inaccessible (doc. 1, p. 2).

Plaintiff further alleges that, due to the extreme weather conditions it was impossible for him to comply with the alternative requirement of obtaining the signatures for a nomination petition under La. R.S. 18:1254(A) and R.S. 18:1255(A) (doc. 1, p. 4). Therefore, plaintiff did not pursue the alternative option of acquiring the signatures needed before the original deadline, September 2, 2008[1] (doc. 1, p. 4). Accordingly, plaintiff was not listed as an independent candidate on the Louisiana primary ballot for the 2008 Presidential Election (doc. 1, p. 5).

## LAW AND DISCUSSION

To survive a motion for dismissal, a plaintiff must set forth enough factual allegations to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, "a plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim." *Enterprises v. MacGreagor (USA) Inc.,* et al., 322 F.3d 371 (5th Cir. 2003). While a *pro se* complaint should be construed liberally, it can be

---

[1] Both defendant and plaintiff concede that there was an extension to the September 2, 2008 deadline in light of the turbulent weather conditions. (Doc. 17-2, p. 2); (Doc. 1, p. 2).

dismissed for failure to state a claim if "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Johnson v. Pfeiffer*, 821 F.2d 1120, 1122 (5th Cir. 1987) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The United States Supreme Court has held that a party may challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights; and, as a general rule, if there is no constitutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to speculative situations. *County Court of Ulster v. Allen*, 442 U.S. 140, 154-55 (1979).

The Supreme Court has noted that "a State has an interest, if not a duty, to protect the integrity of its political processes from frivolous or fraudulent candidates." *Bullock v. Carter*, 405 U.S. 134, 145 (1972). Ballot access restrictions "are not unconstitutional unless they are so restrictive that they deny a cognizable group a meaningful right to representation." *Plante v. Gonzalez*, 575 F.2d 1119, 1126 (5th Cir. 1978).

There is no fundamental right to be a candidate. *Hatten v. Rians*, 854 F.2d 687, 693 (5th Cir. 1988). The inquiry in a ballot access case is whether the challenged restriction unfairly or unnecessarily burdens the "availability of political opportunity." *Hatten*, 854 F.2d at 693. The Fifth Circuit has found that there is no question that some regulation of access to the ballot is necessary in order to conduct orderly elections. *Id.* at 694. Applying this concept, the Fifth

Circuit has further held that deadline requirements for minor party nominating conventions were not a significant burden to First or Fourteenth Amendment rights, and a state's important regulatory interest were sufficient to justify the requirement. *Texas Independent Party v. Kirk*, 84 F.3d 178, 185-86 (5th Cir. 1996). Similarly, in *American Party of Texas v. White*, the Supreme Court held that a requirement that all signatures evidencing support for minority party must be notarized was reasonable and valid to prevent fraud. 415 U.S. 767, (1974).

In the present case, plaintiff had two options: to send in the $500 filing fee before the deadline or to obtain the necessary, notarized signatures before the deadline. The Court finds that the requirements reasonably reflect the state's interest in conducting orderly elections and do not unfairly or unnecessarily burden the availability of political opportunity and do not deny any cognizable group a meaningful right to representation. It is important to note that plaintiff was not required to submit the payment or signatures on the day *of* the deadline, but merely to do so at some time before the deadline passed. Compliance was difficult under the facts alleged primarily because of plaintiff's decision to attempt to qualify on the final day of qualifying.

Accordingly, accepting the facts alleged as true and construing them in the light most favorable to the plaintiff, the Court concludes that plaintiff has failed to state a claim upon with relief may be granted.

## CONCLUSION

For all of the foregoing reasons, the motion for dismissal, filed by defendant, Tom Schedler, Louisiana Secretary of State, (Doc. 17), is hereby **GRANTED,** and this matter shall be dismissed with prejudice.

Baton Rouge, Louisiana, July 26, 2011.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA