UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES GERMALIC

VERSUS

TOM SCHEDLER
LOUISIANA SECRETARY OF STATE

CIVIL ACTION

NO. 08-689-BAJ-DLD

## RULING

This matter is before the Court on a motion by defendant, James Germalic, for reconsideration (doc. 21). The Court, having entered judgment in this matter, treats the motion as a motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed the complaint in this matter on October 24, 2008, alleging violation of his due process rights (doc. 1, p. 1). Specifically, plaintiff alleges that, by enforcing overly difficult requirements, the Louisiana Election Code deprived him of his right to be listed as an independent candidate on the Louisiana ballot for the 2008 Presidential Election (doc. 1, p. 2).

According to the petition, plaintiff sent a filing fee of $500 to the defendant's office in Baton Rouge, Louisiana, in order to be listed on the Louisiana primary ballot for the 2008 Presidential Election (doc. 1, p. 2). Plaintiff alleges that he sent the filing fee via Express Delivery through the United States

1

Postal Service, and it was scheduled for delivery on September 2, 2008, the filing deadline for independent candidates (doc. 1, p. 2). According to the petition, however, the filing fee was not delivered before the deadline because Hurricane Gustav hit Baton Rouge on September 2, 2008, and the defendant's office was inaccessible (doc. 1, p. 2).

Plaintiff further alleges that, due to the extreme weather conditions it was impossible for him to comply with the alternative requirement of obtaining the signatures for a nomination petition under La. R.S. 18:1254(A) and R.S. 18:1255(A) (doc. 1, p. 4). Therefore, plaintiff did not pursue the alternative option of acquiring the signatures needed before expiration of the registration deadline[1] (doc. 1, p. 4). Accordingly, plaintiff was not listed as an independent candidate on the Louisiana primary ballot for the 2008 Presidential Election (doc. 1, p. 5). On July 6, 2011, defendant moved to dismiss pursuant to Rule 12(b)(6). On July 28, 2011, the Court granted the motion to dismiss and rendered judgment.

Plaintiff subsequently filed the present motion for reconsideration as well as a "Response to Defendant's Motion to Dismiss" (doc. 22).

## LAW AND DISCUSSION

Rule 60 provides that "[o]n motion and just terms the court may relieve a party from a final judgment, order, or proceeding for . . . any reason that justifies relief." Fed.R.Civ.P. 60(b)(6). The Court has carefully reviewed the record,

---

[1] Both defendant and plaintiff concede that the September 2, 2008 deadline was extended in light of the turbulent weather conditions. (Doc. 17-2, p. 2); (Doc. 1, p. 2).

plaintiff's motion for reconsideration, and plaintiff's Response to Defendant's Motion to Dismiss.

In the Response to Defendant's Motion to Dismiss, plaintiff criticizes *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), referring to the decision as "a most foul, undemocratic law," which "puts government affairs above the citizen and out of reach," and which "ROBS . . . every U.S. citizen of justice" (doc. 22, pp. 1, 5, 8 (emphasis in original)). Plaintiff also repeats his assertion that he was not at fault in failing to timely register for the primary.

Plaintiff's opposition, however, sets forth no legal argument that is not already addressed by the Court's Ruling, and thus fails to establish grounds for relief from the judgment.

## CONCLUSION

Accordingly, for all of the reasons stated above and in the Court's Ruling of July 28, 2011, plaintiff's motion to reconsider, construed as a motion for relief from a judgment or order (doc. 21) is hereby **DENIED**.

Baton Rouge, Louisiana, August 3, 2011.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA